| | | |
|---|---|---|
| HUBERT COLEMAN, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV208-124 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR206-2) |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Hubert Coleman ("Petitioner"), who is currently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government filed a Response, and Petitioner filed a Reply. For the reasons which follow, Petitioner's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Petitioner was indicted by a grand jury on two counts: 1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and 2) carrying a firearm during and in relation to a crime of violence (attempted theft of a motor vehicle), in violation of 18 U.S.C. § 922(g)(1). United States v. Coleman, No. 06-14474, 2008 WL 73669, at *1 (11th Cir. Jan. 8, 2008). Represented by Martha F. Dekle ("Counsel"), Petitioner pled guilty to count one and received a sentence of ninety-six months' imprisonment. Id. The Presentence Investigation Report ("PSI") calculated a

AO 72A
(Rev. 8/82)

Guidelines range of seventy-seven to ninety-six months' imprisonment. (PSI, p. 12, ¶ 52).

Represented by new counsel, Austin Catts, Petitioner appealed to the Eleventh Circuit Court of Appeals, claiming for the first time that the district court should have awarded him a three-level reduction for his "attempt" at carjacking or made specific findings as to why it did not do so under United States Sentencing Guidelines ("U.S.S.G.") § 2X1.1(b)(1). Coleman, 2008 WL 73669, at *1. The Eleventh Circuit held that Petitioner did "not demonstrate[ ] that the district court's failure to address a reduction for attempt affected his substantial rights under the discretionary sentencing scheme" based on the following facts: Petitioner snuck into the backseat of a seventy-five year-old woman's car in a Home Depot parking lot. Id. at *1. Holding a firearm, Petitioner told the woman to shut her door and drive away. Id. The woman refused to close her door and the two argued before Petitioner fled from the car. Id. However, Petitioner now claims his reason for exiting the vehicle was that he "decided that he no longer wanted to pursue his actions any further" after "recognizing the victim as being a senior citizen." (Doc. 1, p. 4).

In the instant Motion, Petitioner asserts that Counsel was ineffective for failing "to research the law surrounding the 'attempt' carjacking statute." (Doc. No. 1, p. 4). Petitioner claims Counsel should have argued for a three level U.S.S.G. § 2X1.1(b)(1) reduction in his offense level for his "attempt" at carjacking. The Government asserts that Petitioner's Motion should be denied.

## DISCUSSION AND CITATION TO AUTHORITY

Although § 2255 does not specifically include a statutorily mandated exhaustion of remedies requirement before a writ of habeas corpus petition can be brought, federal courts have created an exhaustion requirement. See Reed v. Farley, 512 U.S. 339, 354 (1994). A § 2255 petition cannot be a substitute for a direct appeal; therefore, a petitioner is procedurally defaulted from seeking habeas relief on claims that he could have raised on direct appeal. Id. If a petitioner has not raised an available issue on direct appeal, he has waived his right to appeal. This procedural default can be overcome by showing "cause" for the waiver of a direct appeal and "actual prejudice resulting from the alleged error." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). "Constitutionally ineffective assistance of counsel can constitute cause" to overcome a procedural default. Holladay v. Haley, 209 F.3d 1243, 1254 (11th Cir. 2000). However, such a claim must have merit. United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent in analyzing ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Strickland, 466 U.S. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, "the issue is not what is possible or 'what is prudent or appropriate, but only

what is constitutionally compelled.'" Chandler, 218 F.3d at 1313 (citing Burger v. Kemp, 483 U.S. 776, 794 (1987)). Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689-90). "[F]or a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action his counsel did take." Id.

I.  **Deficient Performance**

Petitioner alleges that he received ineffective assistance of counsel because Counsel failed to request a three-level reduction in Petitioner's offense level computation based on U.S.S.G. § 2X1.1(b)(1). Section 2X1.1(b)(1) states:

> If an attempt, decrease by 3 levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for the apprehension or interruption by some similar event beyond the defendant's control.

U.S.S.G. § 2X1.1(b)(1). The commentary to § 2X1.1(b)(1) notes, "In most prosecutions for . . . attempts, the substantive offense was substantially completed or was interrupted or prevented on the verge of completion by the intercession of . . . the victim. In such cases, no reduction of the offense level is warranted." Id., comment.

Presuming Counsel "made all significant decisions in the exercise of reasonable professional judgment," in light of the commentary to U.S.S.G § 2X1.1(b), Counsel did not commit professional error by failing to request a three-level reduction. The victim's intercession in Petitioner's act—her failure to close her door and drive away when Petitioner told her to do so—does not negate the substantial completion of the act.

Therefore, Petitioner cannot show that Counsel's failure to request a three-level reduction for attempt on Petitioner's behalf constituted conduct falling below an objective standard of reasonableness.

## II. Prejudice

Petitioner asserts he was prejudiced because he received a longer sentence than he would have if Counsel had argued for an offense level reduction under U.S.S.G. § 2X1.1(b)(1). (Doc. No. 1, p. 4). A district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. Nyhuis, 211 F.3d at 1343. Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under § 2255 unless there has been an intervening change in the law. Id.; Davis v. United States, 417 U.S. 333, 342 (1974). The mere re-characterization of a claim that was brought on direct appeal does not merit a district court's review on a different, yet previously available, legal theory. Nyhuis, 211 F.3d at 1343.

Coleman raised the issue of whether a three-level reduction under U.S.S.G § 2X1.1(b)(1) should have been applied on direct appeal to the Eleventh Circuit. Coleman, 2008 WL 73669, at *1. "When a claim of ineffective assistance is based on a failure to object to an error committed by the district court, that underlying error must at least satisfy the standard for prejudice that [the circuit court employs in their] review for plain error." Gordon v. United States, 518 F.3d 1291, 1298 (11th Cir. 2008). "It would be nonsensical if a petitioner, on collateral review could subject his challenge of an unobjected-to error to a lesser burden by articulating it as a claim of ineffective assistance." Id.

The Eleventh Circuit found no plain error in the trial court's failure to consider the U.S.S.G. 2X1.1(b)(1) reduction. Coleman, 2008 WL 73669, at *2. Petitioner did not demonstrate "that the district court's failure to address a reduction for attempt affected his substantial rights under the discretionary sentencing scheme." Id. The Eleventh Circuit stated:

> [Petitioner] must demonstrate that there is a 'reasonable probability' that, were the court to have considered a reduction for 'attempt' under the Guidelines, [Petitioner] would have received the three-level reduction and thereafter a lesser sentence reduction. It is anything but clear and therefore not reasonably probable that [Petitioner]'s conduct . . . would qualify him for a reduction under the Guidelines.

Id. at *3. (citation omitted).

Petitioner cannot establish prejudice by repackaging his claim that he was entitled to a three-level offense-level reduction under U.S.S.G. § 2X1.1(b)(1) and relitigating it now as an ineffective assistance of counsel claim. In addition, Petitioner has failed to show that there has been an intervening change in law which would allow this Court to entertain those claims he previously set forth on direct appeal.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's motion to set aside, vacate, or correct his sentence, brought pursuant to 28 U.S.C. § 2255, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 22 day of September, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE