IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHISN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| UNITED STATES OF AMERICA | * | |
| --- | --- | --- |
| | * | |
| v. | * | 2:06-CR-002 |
| | * | |
| HUBERT COLEMAN | * | |
| | * | |
| | * | |

O R D E R

On August 7, 2006, Hubert Coleman ("Coleman") pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 32.) Two days later, this Court sentenced Coleman to ninety-six (96) months' imprisonment. (Doc. 33.) Now before the Court is a filing that Coleman styled as a "Request for Judicial Recommendation." (Doc. 80.) Specifically, he asks the Court "to write a short letter of recommendation that [he] be placed in Community Corrections for the maximum time allowed by the Second Chance Act as well as the resources of the Half-way house." (Id. at 2.)

In light of the sudden influx of nearly identical motions from a number of criminal defendants, the Court construes Coleman's request broadly and analyzes it on several bases. For the reasons that follow, all those bases dictate that Coleman's request must be **DENIED**. (Doc. 80.)

"A district court may not modify a term of imprisonment once it has been imposed, except those expressly permitted by Federal Rule of Criminal Procedure 35 or by 18 U.S.C. § 3582, and a district court lacks 'inherent power' to resentence a defendant." United States v. Barsena-Brito, 374 F. App'x 951, 951 (11th Cir. 2010) (citing United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002)).

None of these avenues are available to the Court in this case. Under Rule 35(a), a district court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after sentencing. FED. R. CRIM. P. 35(a). Coleman's motion does not allege that the Court committed any such error. Under Rule 35(b), the government may move for a reduction of a defendant's sentence based on substantial assistance provided by the defendant. FED. R. CRIM. P. 35(b). No such motion has been filed by the government. Moreover, the Bureau of Prisons has not moved to reduce Coleman's term of imprisonment based on extraordinary circumstances or age, and there is no applicable change in the sentencing guidelines that has reduced Coleman's guideline range. See 18 U.S.C. § 3582(c).

Furthermore, the "primary authority to designate [a] defendant's manner and place of confinement at any stage during execution of his prison sentence rests with the Bureau of

2

Prisons, not with the Court."[1] United States v. Morales-Morales, 985 F. Supp. 229, 231 (D.P.R. 1997). The proper vehicle to challenge the *execution* of a sentence, rather than the *validity* of the sentence itself, is a petition for writ of habeas corpus under 28 U.S.C. § 2241. United States v. Morales-Morales, 985 F. App'x 663, 664 (11th Cir. 2010); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008); Veneziano v. Grayer, No. 1:07-CV-2047 TW, 2008 WL 542638, at *2 (N.D. Ga. Feb. 22, 2008) ("An aspect of the execution of a federal prisoner's sentence is the BOP's choice of his place of confinement.")(citations omitted).

Even if the Court liberally construes Coleman's motion to be a § 2241 petition, his claim still must be dismissed for lack of jurisdiction because he did not file it in the district in which he is incarcerated — the United States District Court for the Northern District of Florida. See United States v. Pruitt, 417 F. App'x 903, 904 (11th Cir. 2011) ("A petition for writ of habeas corpus pursuant to § 2241 may be brought only in the

---

[1] Likewise, "[t]he Second Chance Act does not empower the court to reduce sentences or change the location of where a sentence is to be served. That authority remains vested in the Bureau of Prisons. The Second Chance Act expands the authority of the Bureau of Prisons to allow a prisoner serving a sentence of incarceration to spend up to twelve months in a half-way house so as to ease the transition from prison to freedom. Thus, the Second Chance Act grants expanded authority to the Bureau of Prisons regarding half-way house service, but does not vest the authority in this court." United States v. Squire, No. CR 3:09-502-JFA, 2012 WL 3848364, at *1 (D.S.C. Sept. 5, 2012).

3

district court for the district in which the inmate is incarcerated.") (citation and internal quotation marks omitted).

Finally, the Court further declines to fulfill Coleman's request for a recommendation letter. This Court sentenced Coleman pursuant to the Sentencing Reform Act of 1984 and fully weighed the 18 U.S.C. § 3553(a) factors. It adheres to the letter *and spirit* of the rule that it may not modify a term of imprisonment once it has been imposed, except where expressly permitted. To make gratuitous judicial recommendations at the post-conviction stage too closely resembles reconsideration of the sentence that the Court already carefully considered. This the Court is unwilling to do.

For these reasons, the Court **DENIES** Coleman's "Request for Judicial Recommendation." (Doc. 80.)

**ORDER ENTERED** at Augusta, Georgia this 24th day of August, 2015.

     _____
     HONORABLE J. RANDAL HALL
     UNITED STATES DISTRICT JUDGE
     SOUTHISN DISTRICT OF GEORGIA